UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                v.                              ORDER
                                                06-CR-184A

CRAIG E. SIKUT,

                Defendant.

---

This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(A), on October 17, 2006. Defendant Craig E. Sikut had previously filed a motion, *inter alia*, to suppress evidence. On March 8, 2007, Magistrate Judge Foschio filed a Report, Recommendation, recommending that defendant's motion to suppress be granted.

The government filed objections to the Report and Recommendation on March 22, 2007. Defendant filed a response to the government's objections on April 17, 2007. Oral argument on the objections was held on May 11, 2007.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made. Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument

from counsel, the Court adopts the proposed findings of the Report and Recommendation[1].

The government objects to the Magistrate Judge's finding that exigent circumstances did not exist so as to allow a warrantless search of the apartment. The government also objects to the Magistrate Judge's finding that even if exigent circumstances had been present to allow initial entry into the apartment, the officers' continued presence inside the apartment after finding that no one was injured or incapacitated exceeded the scope of the exigency. Finally, the government argues that Magistrate Judge erred by finding that the "plain view" exception to the warrant requirement did not apply.

Even if the Court were to assume *arguendo* that exigent circumstances were present making the officers' initial entry into the apartment legal and that the officers' arrest of the defendant based on both his harassing conduct towards them and his outstanding warrants was proper, suppression would still be required because there was no legal justification for the officers to re-enter the apartment after the arrest for the purpose of conducting a warrantless search of defendant's brief case, computer case or computer. At that point, any exigency had dissipated. The defendant had been arrested and removed from the apartment. If the officers then had probable cause to believe

---

[1] The Court presumes familiarity with the facts as found by Magistrate Judge Foschio in his Report and Recommendation.

there was evidence of a crime remaining in the apartment, they should have made an application for a search warrant.[2]  Having failed to do so, they violated defendant's Fourth Amendment right against unreasonable search and seizure, the remedy for which is suppression.

The "plain view" exception is not applicable here.

> Under that [plain view] doctrine, if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant.  If, however, the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object-i.e., if its incriminating character [is not] immediately apparent-the plain-view doctrine cannot justify its seizure.

<u>Minnesota v. Dickerson</u>, 508 U.S. 366, 375 (1993) (internal quotations and citations omitted); <u>see also</u> <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 466 (1971) ("Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges.").

In this case, the incriminating nature of defendant's brief case, computer case and computer was not immediately apparent.  It was only after the officers re-entered the apartment and conducted a search of those items that they

---

The Court offers no opinion as to whether there would have been a sufficient basis for issuing such a search warrant.

3

determined the items contained evidence of various crimes. Thus, the plain view exception is inapplicable.

Accordingly, for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation and herein, the defendant's motion to suppress is granted. Counsel for the parties shall appear on May 25, 2007 at 9:00 a.m. for a meeting to set a trial date.

SO ORDERED.

                                          s/ *Richard J. Arcara*
                                          HONORABLE RICHARD J. ARCARA
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

DATED: May 16, 2007